LOCKWOOD *v.* SALMON RIVER PAPER CO. *et al.*

*(Supreme Court, General Term, Third Department.* November 22, 1892.)

COSTS—EXTRA ALLOWANCE.

    Where an action to foreclose a mortgage is discontinued at the same term at which it was commenced, without being brought to trial, the only thing done being some unsuccessful negotiations for a referee, an extra allowance of the full statutory amount (Code Civil Proc. § 3253) should not be granted.

Appeal from special term, Franklin county.

Action by Sarah E. Lockwood against the Salmon River Paper Company, Frederick D. Kilburn, as trustee for certain creditors of the Clark-Neergaard Company, and others, to foreclose a mortgage. From an order granting defendants an extra allowance on dismissal, plaintiff appeals. Modified.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*John I. Gilbert,* for appellant. *McClary & Paddock, (Frederick G. Paddock,* of counsel,) for respondent Salmon River Paper Co. *Cantwell & Cantwell, (Thomas Cantwell,* of counsel,) for respondent Kilburn.

HERRICK, J. This is an appeal from an order of the special term granting to each of the respondents an extra allowance of $200 costs. The action was for the foreclosure of a mortgage of $15,000. Both respondents interposed an answer. It was on the calendar of the court but once, and, after some negotiations for a reference, was at the same term of the court discontinued by the plaintiff. The reasons for such discontinuance are not necessary

to be set forth here. Suffice it to say that they are not of a character to indicate that the plaintiff's action was recklessly or carelessly commenced, or that she had not a good cause of action. Undoubtedly it is within the power of the court to grant an extra allowance of costs in an action which has never been brought to trial. The case may be one of such character, of such importance, involving legal questions of such difficulty, rendering necessary such labor in preparing the case for trial, that the court is justified in awarding more than the statutory costs upon a discontinuance of the action, or upon a default, without trial. The question of granting or refusing an extra allowance, and the amount thereof, if granted, is so largely a matter of discretion that appellate courts hesitate to disturb the orders made at special term. Still they are subject to review, and when we consider that they are usually decided upon in the hurry of a special term, largely upon the oral presentation of the case, without an opportunity for a close examination or careful weighing of the merits of the application, it should not be considered any reflection upon the wisdom or prudence of the court before which it was first heard, if the appellate court, with opportunity for greater deliberation, with the printed case before it, wherein the facts are coldly set forth, and not magnified or colored by the oral arguments of ingenious counsel, comes to a different conclusion as to the difficulty of the case and the amount of labor involved. In this case the maximum allowance that can be granted to a party after trial has been granted to each of the respondents without a trial, in addition to a separate bill of costs to each. To warrant this, it seems to me that there should be something in the case to convince the court that unusual and difficult questions of law were involved, that required more than usual labor to investigate; or that the facts were such that more than the usual amount of labor was necessarily involved in investigating them. The litigation was not a protracted one. It was only upon the calendar one term, and was discontinued during that term. It is evident that no considerable, if any, preparations were made to try it at that term. Both parties agreed that it was a referable case. The only contention was over the question who should be the referee, and, while negotiations were being had upon that question, the case was discontinued. If extra allowances to the maximum amount are to be granted under such circumstances, nearly every case that is commenced can be made to appear the proper subject for an allowance, and a case where judgment is taken by default, or ended by voluntary discontinuance, will, for all practical purposes, stand on the same footing as one that has only been ended by a decision of the court of last resort. No more can be had at the end of a long, laborious, and expensive litigation than for one disposed of without a trial. It does not strike me that in this case there was anything that takes it out of the class of every-day, ordinary litigation, except its speedy termination. Being an action of foreclosure, under a literal reading of the Code,[1] it need not be a difficult and extraordinary case to empower the court to grant an extra allowance; but still I think some of the same reasons that warrant a court in granting an allowance in other actions should apply in actions of foreclosure. It seems to me that this case presents none of the features that call for an extra allowance, and, as an original proposition, I would not feel disposed to grant any. As it is, however, I do not feel inclined to entirely disregard the views of the special term. The defendants, for all practical purposes, are one. Their interests are the same, and could have been protected by the same counsel. I think the allowance should be reduced to $200, to be divided equally between the respondents. Let an order be entered accordingly, with $10 costs and printing and other disbursements to the appellant. All concur.

[1] Code Civil Proc. § 3253.